## Lawrence CHILDS, Appellant,

### v.

## The STATE of Texas, Appellee.

### No. 36522.

Court of Criminal Appeals of Texas.

Feb. 5, 1964.

Rehearing Denied April 1, 1964.

Lawrence R. Green, Dallas (on appeal only), for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is felony theft with two prior convictions for felonies less than capital alleged for enhancement; the punishment, life.

Weldon Barnett, Supervisor of men's furnishings for Sanger Harris Department Store, Preston Center, who had worked in men's clothing for Sangers for seven years and prior to that time had been in the same business for himself at Three Rivers, testified that on the day in question he observed a colored man, who was wearing a sweater and was accompanied by a woman, standing around a rack where topcoats were on display, that no clerk was attending, that when the man in question turned and left the store, he was wearing a topcoat, that he and the store detective gave chase, apprehended the man and returned him to the store, and that the police were called. On the question of value, which is the only contested issue in the case, he testified that the coat in question had originally been priced at $69.95, but that after Christmas, all coats of the same make were marked down to $52.90, and further that "Usually at the end of a season we will mark it down to a lesser price to move them out of our stock so we can use the money for something else." He stated that if the man in question had wanted to buy that coat on the day in question, he would have had to pay Sanger Harris the sum of $52.90, which was the retail sales price after the pre-Christmas price had been marked down, and that based on his experience in the clothing business, he fixed the fair market value at $52.90. He stated that he had approximately 25 such coats in stock at that time and that none of them were ever sold at a price less than $52.90.

The store detective observed the entire transaction and positively identified appel-

lant as being the man who came in the store wearing a sweater and left wearing an overcoat which she saw him take from the rack. She testified that she overtook him and returned to the store with him, where, after some resistance, appellant took off the coat which was introduced in evidence, and at this juncture, the appellant said that he had never seen the coat before. The police officer, who arrived at the store in response to a call, also identified appellant and the coat.

The prior convictions and appellant's identity were established.

Appellant did not testify in his own behalf, and we overrule appellant's contention that value was not shown and hold the evidence sufficient to support the conviction. Larkin v. State, 157 Tex.Cr. 284, 248 S.W. 2d 134.

Finding no reversible error, the judgment is affirmed.